UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **VIINETWORK, INC. d/b/a VIIMED,**<br>1875 K STREET, NW, 4TH FLOOR<br>WASHINGTON, DC 20006,<br><br>*Plaintiff,*<br><br>v.<br><br>**VEEMED, INC.,**<br>2267 LAVA RIDGE CT, SUITE 200<br>ROSEVILLE, CALIFORNIA, 95661-4276<br><br><u>SERVE</u>:<br>  IJAZ ARIF, CEO & CHAIRMAN<br>  ARSHAD ALI, PRESIDENT<br>  2267 LAVA RIDGE CT, SUITE 200<br>  ROSEVILLE, CALIFORNIA, 95661-4276<br><br>*Defendant.* | Civil Action No. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ViiNetwork, Inc. d/b/a ViiMed ("Plaintiff" or "ViiMed") for its Complaint against Defendant VeeMed, Inc. ("Defendant" or "VeeMed") states and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and injunctive relief for trademark infringement and unfair competition under the Federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. § 1051, *et seq.*; unfair competition and unfair and deceptive trade practices under District of Columbia Consumer Protection Procedures Act, 28 D.C. Code § 3904(a), (b), and (s); and the common law of the District of Columbia.

2. This Court has subject matter jurisdiction over the subject matter of this action under 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338(a) and (b).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the laws of the District of Columbia pursuant to 28 U.S.C. § 1367(a), because these claims are so related to claims within the Court's original jurisdiction and form part of the same case or controversy.

4. This Court has personal jurisdiction over Defendant consistent with the principles underlying the United States Constitution and the District of Columbia long-arm statute because, *inter alia*, Defendant has committed acts of trademark infringement and unfair competition in violation of the Lanham Act, and has made, used, promoted, marketed, advertised, distributed, sold, offered for sale, and/or imported infringing goods and services in the District of Columbia and engaged in infringing conduct within and directed at this District. Plaintiff's claims arise from harm sustained in the District of Columbia; Defendant has purposefully directed its infringing activity to consumers within the District of Columbia both by directing infringing solicitations to recipients in the District of Columbia, and directing infringing advertisements and promotional materials specifically targeted towards residents of the District of Columbia. Defendant has caused and continues to cause "tortious injury in the District of Columbia by an act or omission outside the District of Columbia," and continues to transact business in the District of Columbia pursuant to the District of Columbia long-arm statute, D.C. Code §§ 13-423(a)(1) and (4).

5. This Court also has personal jurisdiction over Defendant because Defendant should have reasonably known that its infringing conduct in the District of Columbia wouldcause harm to a citizen of the District of Columbia.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims at issue occurred in the District of Columbia.

## PARTIES

7. Plaintiff is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 1875 K Street, NW, 4th Floor, Washington, DC 20006. Plaintiff is a leading provider of virtual healthcare with its virtual care delivery platform and services for healthcare organizations.

8. Defendant is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 2267 Lava Ridge Ct., Suite 200, Roseville, California, 95661-4276.

## FACTS

9. Since at least 2012, Plaintiff has continuously used the VIIMED® (pronounced 'VēēMĕd') mark in interstate commerce in connection with its virtual healthcare products and services, and, *inter alia*, in connection with the advertising, promotion and sale of its virtual care delivery platform and services for healthcare organizations.

10. On August 19, 2014, the United States Patent and Trademark Office ("USPTO") duly granted Plaintiff's application to register the VIIMED® mark on the Principal Register in Class 009 for "Computer software for backend workflow management, video-enabled asynchronous communication systems, care coordination, patient engagement, and telehealth for healthcare systems and providers"; Class 035 for "Business assistance services, namely, assisting health systems with communicating with patients, maintaining accountability, and triaging patient in need more effectively through the use of computer software"; and Class 042 for "Platform-as-a-service (PAAS) featuring software for backend workflow management and

video-enabled asynchronous communication systems to improve care coordination, patient engagement, and telehealth for healthcare systems and providers." A true and correct copy of Plaintiff's certificate of registration for United States Trademark Registration No. 4588737 is attached as **Exhibit A**.

11. Plaintiff's federal registration for the VIIMED® mark is incontestable, valid, subsisting, and in full force and effect.

12. Since at least 2012, Plaintiff has continuously used the distinctive VIIMED® mark in interstate commerce throughout the United States in connection with its virtual healthcare products and services, including, *inter alia*, in connection with the advertising, promotion and sale of its virtual care delivery platform and services for healthcare organizations.

13. Plaintiff has expended substantial effort and expense advertising, promoting and selling, *inter alia*, its virtual healthcare products and services under the VIIMED® mark.

14. As a result of Plaintiff's efforts, the purchasing public in the District of Columbia and throughout the United States has come to know, rely upon, and recognize various virtual healthcare products and services sold by Plaintiff under the VIIMED® mark.

15. As a result of Plaintiff's long use, advertising, promotional and sales efforts, and significant expenditures, Plaintiff has acquired valuable common law rights in the VIIMED® mark.

## DEFENDANT'S INFRINGING CONDUCT

16. Defendant first began using the VEEMED designations (including, but not limited to, VEEMED, VEEMED OS, and stylized VEEMED) to promote its virtual healthcare products and services, including advertising specifically targeted to the District of Columbia and throughout the United States, long after Plaintiff acquired its statutory and common law

trademark rights described above.

17. Defendant has used and continues to use infringing VEEMED designations in the advertising, promotion and sale of its virtual healthcare products and services.

18. Defendant owns United States Trademark Registration No. 6018274 to VEEMED in Class 42 for "Software as a service (SAAS) services featuring software for physicians to virtually connect to patients using this platform, software also integrates with electronic medical records, PACS, and other healthcare applications" and Class 44 for "Medical consultations; Telemedicine services" (the "Infringing Registration"). A true and correct copy of the Infringing Registration is attached hereto as **Exhibit B**.

19. Defendant owns United States Trademark Application Serial No. 90603792 to stylized VEEMED seeking to cover services in Class 44 for "Telemedicine services." A true and correct copy of this infringing Application is attached hereto as **Exhibit C**.

20. Defendant owns United States Trademark Application Serial No. 90603814 to VEEMED seeking to cover services in Class 44 for "Physician services." A true and correct copy of this infringing Application is attached hereto as **Exhibit D**.

21. Defendant owns United States Trademark Application Serial No. 90678511 to VEEMED OS seeking to cover goods in Class 9 for "Downloadable computer operating system software; Recorded operating system programs." A true and correct copy of this infringing Application is attached hereto as **Exhibit E**.

22. The Trademark Applications described above are collectively referred to as "Infringing Applications."

23. On May 25, 2021, Plaintiff sent Defendant a cease and desist letter requesting that Defendant, *inter alia*, discontinue its infringing use of the VEEMED designations.

24. As of the filing of this Complaint, Defendant has not ceased and desisted its infringing use of the VEEMED designations.

25. Plaintiff's VIIMED® mark and the infringing VEEMED designations are identical with respect to sound, as they are phonetic equivalents. Plaintiff's VIIMED® mark and the infringing VEEMED designations are virtually identical with respect to appearance, meaning, and overall commercial impression.

26. Plaintiff's products and services in connection with its VIIMED® mark are identical in purpose, or at least closely related to, the products and services on which Defendant uses and intends to use the infringing VEEMED designations.

27. Plaintiff and Defendant offer their respective products and services to the public at large, and target the same general types of consumers.

28. In light of the nearly-identical nature of Plaintiff's VIIMED® mark and Defendant's VEEMED designations, Defendant's activities have presented and continue to present a substantial risk of irreparable harm to Plaintiff's ability to distinguish the VIIMED® brand in the marketplace, and particularly in the rapidly evolving virtual healthcare landscape that is increasingly being considered by large players in the marketplace.

29. Likelihood of confusion is enhanced by the fact that Defendant's infringing VEEMED designations and Plaintiff's VIIMED® mark are virtually identical, and because Defendant's products and services are identical to, or closely related to, Plaintiff's products and services, and because such products and services are and will continue to be marketed and offered via the same or similar channels of trade.

30. Defendant has used the VEEMED designations to advertise, promote, sell, and solicit customers to use its virtual healthcare products and services, including in advertising

specifically targeted to residents of this District. A true and correct copy of Defendant's advertising directed to residents of this District is attached as **Exhibit F**.

31. Defendant has widely offered its products and services sold in association with its infringing VEEMED designations to customers in the District of Columbia and throughout the United States.

32. Defendant currently advertises, promotes, sells, and offers to sell its products and services in association with the VEEMED designations in commerce in the United States, including in the District of Columbia.

33. Defendant began using the VEEMED designations with full knowledge of Plaintiff's prior use of and registration for the VIIMED® mark.

34. Defendant did not ask or obtain Plaintiff's permission to use the VEEMED designations in connection with its products and services.

35. Defendant is not affiliated or connected with Plaintiff and has not been endorsed or sponsored by Plaintiff, nor has Plaintiff approved any of the products or services offered or intended to be offered by Defendant under the infringing VEEMED designations.

36. Defendant has never sought or obtained Plaintiff's permission to use the infringing VEEMED designations, nor has Plaintiff approved any of the products or services offered by Defendant under the infringing VEEMED designations.

37. On information and belief, Defendant adopted the designations VEEMED in an effort to trade on the good will existing in connection with the VIIMED® mark, or to otherwise lead consumers to believe that there was some connection or affiliation between its products and/or services and those of Plaintiff.

38. By using the designations VEEMED, Defendant intentionally trades on Plaintiff's

7

considerable reputation and goodwill in the VIIMED® mark.

39. On information and belief, Defendant has intentionally confused consumers in the United States and in this District as to the source or affiliation of products and/or services advertised, promoted, sold or offered for sale in association with the VEEMED designations.

40. Defendant's unauthorized use of the VEEMED designations in the manner described above has caused and is likely to continue to cause confusion, cause mistake, and/or deceive customers and potential customers of the parties.

41. The unauthorized use of the VEEMED designations in the manner described above falsely indicates to the purchasing public that the products and/or services of Defendant originate with, or are affiliated, connected, or associated with products or services sold under the VIIMED® mark.

42. The unauthorized use of the VEEMED designations in the manner described above falsely designates the origin of the products and/or services of Defendant.

43. The unauthorized use of the VEEMED designations in the manner described above enables the Defendant to trade on and receive the benefit of goodwill in Plaintiff's VIIMED® mark, which Plaintiff has established at great labor and expense over many years. This unauthorized use allows Defendant to gain acceptance for its own products and services not solely on its own merits, but on the reputation and goodwill of Plaintiff and its VIIMED® mark.

44. The unauthorized use of the VEEMED designations in the manner described above deprives Plaintiff of the ability to control the nature and quality of services provided under its marks and places the valuable reputation and goodwill of Plaintiff in the hands of Defendant,

over whom Plaintiff has no control.

45. Based on the facts set forth above, the conduct of Defendant is clearly deliberate and intentional, and is specifically intended to enrich Defendant and harm and damage Plaintiff by taking advantage of the reputation and goodwill Plaintiff has established over the last nine years in the VIIMED® mark in the United States. Defendant has willfully infringed upon Plaintiff's valuable trademark rights.

46. Defendant's activities described herein have caused, and if not stopped will continue to cause, irreparable harm, and significant injury to Plaintiff.

### COUNT I: FEDERAL TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

47. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 46 above.

48. Defendant's actions constitute infringement of Plaintiff's federally registered VIIMED® mark. The actions of Defendant have been willful, with full knowledge of Plaintiff's rights in the registered VIIMED® mark, and with an intent to trade on Plaintiff's reputation and goodwill in such registered trademark. Defendant's conduct makes this an exceptional case under 15 U.S.C. § 1117(a).

49. As a result of Defendant's wrongful conduct, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

### COUNT II: FEDERAL UNFAIR COMPETITION – 15 U.S.C. § 1125(A)

50. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 49 above.

51. Defendant's actions constitute trademark infringement and unfair competition in

violation of 15 U.S.C. § 1125(a).

52. The trademark infringement and unfair competition by Defendant have been willful and malicious, thus making this an exceptional case under 15 U.S.C. § 1117(a).

53. As a result of Defendant's wrongful conduct, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

### COUNT III: TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER DISTRICT OF COLUMBIA COMMON LAW

54. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 53 above.

55. Defendant's actions constitute direct, contributory and/or vicarious trademark infringement in violation of the common law of the District of Columbia. Such infringement has been willful.

56. As a result of Defendant's wrongful conduct, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

### COUNT IV: DISTRICT OF COLUMBIA STATUTORY UNFAIR COMPETITION –28 D.C. CODE § 3904(A), (B), AND (S)

57. Plaintiff restates and realleges each of the allegations set forth in paragraphs 1 through 56 above.

58. Defendant's actions in the District of Columbia constitute willful and knowing deceptive trade practices, in violation of 28 D.C. Code § 3904(a), (b), and (s).

59. Defendant's actions in the District of Columbia have caused and will continue to cause Plaintiff irreparable harm unless enjoined.

60. As a result of Defendant's wrongful conduct, Plaintiff is entitled to the injunctive remedies specified in the Prayer for Relief and damages in an amount to be proved at trial, as well as recovery of all reasonable attorneys' fees and costs incurred.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for entry of Order and Judgment against Defendant as follows:

- A. Preliminarily and permanently enjoining Defendant, its officers, shareholders, directors, executive committee members, agents, servants, employees, members, and all those persons in active concert or participation with them from:
  - a. using directly or indirectly, in any manner whatsoever, the VEEMED designations, or any other colorable or confusingly similar imitation of the VIIMED® mark anywhere in the United States;
  - b. doing any act or thing calculated or likely to cause confusion or mistake in the trade or the minds of the public, or to deceive consumers into believing that Defendant's goods and services originate with Plaintiff or are approved, licensed, or otherwise authorized by Plaintiff, anywhere in the United States;
  - c. maintaining registration of, registering or prosecuting any registration or application to register the VEEMED designations, or any other colorable or confusingly similar imitation of the VIIMED® mark, as a trademark in the United States;
  - d. engaging in any activity that constitutes unfair competition with respect to Plaintiffs; and
  - e. aiding, abetting, or assisting any other person or entity in engaging in or performing any activities stated in paragraphs (a)-(d) hereof;
- B. Defendant's United States Trademark Registration No. 6018274 should be cancelled under to 15 U.S.C. § 1052(d);
- C. Directing the USPTO to cancel Defendant's United States Trademark Registration No. 6018274 pursuant to 15 U.S.C. § 1119;
- D. Defendant's United States Trademark Application Serial Nos. 90603792, 90603814, and 90678511 are ineligible for registration under to 15 U.S.C. § 1052(d);
- E. Directing the USPTO not to register Defendant's United States Trademark Application Serial Nos. 90603792, 90603814, and 90678511 pursuant to 15 U.S.C. § 1119;
- F. Requiring Defendant, its officers, shareholders, directors, executive committee

members, agents, servants, employees, members, and all those persons in active concert or participation with them, to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, packages, wrappers, receptacles, promotional items, promotional literature, and advertisements in its possession, custody or control which utilize or incorporate the VEEMED designations, or any other colorable imitation of the VIIMED® mark, together with all plates, molds, matrices, and other means of making the same;

G. Awarding Plaintiff damages pursuant to 15 U.S.C. § 1117, sufficient to compensate it for the significant damage caused by Defendant's willful infringement of Plaintiff's valuable trademark rights;

H. Awarding Plaintiff Defendant's profits derived by reason of said acts, or as determined by an accounting;

I. Awarding Plaintiff trebled damages and profits and that it be awarded its costs, attorneys' fees and expenses in this suit under 15 U.S.C. § 1117, as a result of Defendant's willful, intentional, and deliberate acts in violation of the Lanham Act;

J. Awarding Plaintiff damages as it has sustained by reason of Defendant's acts of common law trademark infringement and unfair competition, including, but not limited to, compensatory damages, attorneys' fees, costs and/or punitive damages;

K. Awarding Plaintiff such damages as it has sustained by reason of Defendant's deceptive trade practices, including, but not limited to, compensatory damages, attorneys' fees, costs and/or punitive damages;

L. Awarding Plaintiff its attorneys' fees and costs as allowed by law;

M. Awarding prejudgment and post-judgment interest on all sums awarded; and

N. Awarding such other and further relief as the Court may deem just, equitable and appropriate.

Date: June 29, 2021

*/s/ Meegan Hollywood*
Meegan Hollywood (D.C. Bar No. NY4563185)
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
MHollywood@robinskaplan.com
Telephone: (212) 980-7400
Facsimile: (212) 980-7499

Bryan J. Vogel, Esq.
(application *pro hac vice* to be filed)
ROBINS KAPLAN LLP
399 Park Avenue, Suite 3600
New York, NY 10022
BVogel@robinskaplan.com

        Telephone: (212) 980-7400
        Facsimile: (212) 980-7499

        **ATTORNEYS FOR PLAINTIFF**
        **VIINETWORK, INC. d/b/a VIIMED**

***\*\*\*Plaintiff Demands Trial by Jury on All Counts\*\*\****

        <u>*/s/ Meegan Hollywood*</u>
        Meegan Hollywood